BAKER, Judge
(concurring):
I agree with the majority opinion regarding the remedial actions taken by the military judge in this case. The military judge effectively performed his duty to ensure a fair trial by promptly providing clear, curative instructions in response to SA Hunter’s opinion regarding appellant’s polygraph examination. The testimonial error in this case was harmless, given the weight of the evidence against appellant, including the testimony of the victim, the improbability of appellant’s account, and testimony regarding the victim’s post-rape behavior.
I write separately to emphasize that Wyrick v. Fields, 459 U.S. 42, 47, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), is both sword and shield. In Wyrick, the Court concluded that “[disconnecting the polygraph equipment effectuated no significant change in the character of the interrogation” and, therefore, Wyrick’s consent to a polygraph interview without counsel present also constituted consent to the post-polygraph interview without counsel present. Essential to the Court’s finding of waiver in Wyrick was the Court’s conclusion that Wyrick’s consent was voluntary and knowing, and that he intelligently waived his right to counsel.
Wyrick also understood that he had the right to stop questioning (of any sort) at any time, and this understanding was reflected in writing, in plain language. Further, the Court’s holding is limited to a specific right, the Fifth Amendment right to counsel. The *417 Court expressly declined to address the dissent’s argument that the questioning violated Wyrick’s Sixth Amendment right to counsel, since those issues were not before the Court. Id. 49, 103 S.Ct. 394.
As the Court in United States v. Scheffer, 523 U.S. 303, 312, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), reminded, Mil.R.Evid. 707, Manual for Courts-Martial, United States (2000 ed.), is a per se rule against the introduction of polygraph evidence at courts-martial. Further, the Court’s ruling in Scheffer relied in part on the conclusion that only reliable evidence should be admitted into evidence, and “there is simply no consensus that polygraph evidence is reliable.” Id. at 309, 118 S.Ct. 1261.
For these reasons, and in light of Wyrick, military judges should take great care to ensure that any waiver of rights associated with a polygraph examination is voluntary, knowing, and intelligent, which means among other things that the accused knows and understands which rights are being waived. Military judges and counsel must also carefully watch the 707 backdoor to ensure, as Judge Wamsley did in this case, that allusions to polygraph examinations are immediately addressed and omitted from evidence. In light of the clarity of Scheffer and Mil. R.Evid. 707, intentional and inadvertent references to polygraph examinations elicited by counsel should not occur.